IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL MYERS** § <br> § <br> **Plaintiff** § <br> § <br> v. § <br> § <br> **CHUBB EUROPEAN GROUP SE,** § <br> **CERTIFICATE NUMBER VBWD724100** § <br> § <br> **Defendant** § | **Civil Action No. _____** |

**PLAINTIFF'S ORIGINAL COMPLAINT and DEMAND FOR JURY TRIAL**

> **Insurer arbitrarily, capriciously, or without probable cause delayed and underpaid the Policyholder's covered claims caused by Hurricane Ida**

NOW INTO COURT, EARL MYERS ("Insured" or "Plaintiff"), by and through his undersigned counsel, hereby issues his Original Complaint against CHUBB EUROPEAN GROUP SE, CERTIFICATE NUMBER VBWD724100 ("CHUBB" or "Insurer" or "Defendant") and alleges, upon information and belief, the following:

**I.**
**NATURE OF ACTION**

1. PLAINTIFF seeks to recover from Defendant all damages, penalties, fees, interest, and other relief to which they are legally entitled arising from Defendant's arbitrary and capricious failure to promptly and fully pay benefits owed under the residential rental policy for losses arising from a catastrophic hurricane that made landfall in Louisiana on August 29, 2021 ("Hurricane IDA") and caused significant damage to the properties in which the owns.

1

## II.
## THE PARTIES

2. EARL MYERS, is a person of the full age of majority domiciled in New Orleans, Orleans Parish, Louisiana.

3. Defendant herein, CHUBB EUROPEAN GROUP SE, CERTIFICATE NUMBER VBWD724100, is an authorized surplus insurance company with its principal place of business located at 750 Lexington Avenue, New York, New York and is licensed to do business and is doing business in the State of Louisiana and may be served through its registered agent of service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809 and then forwarded to Locke Lord, LLP, Brookfield Place, 200 Vesey Street, 20th Floor, New York, NY 10281.

4. Upon information and belief, Defendant is an admitted insurer authorized to do, and doing business, in the State of Louisiana.

## III.
## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Defendant is not a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant, CHUBB, is a licensed insurance company, incorporated in New York.

6. Defendant engages in the business of insurance in the State of Louisiana. The conduct of CHUBB in the State of Louisiana includes:

    (a) The making and issuing of contracts of insurance with the Plaintiff;

    (b) The taking and receiving the application of insurance from the Plaintiff;

    (c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part

thereof, including any such consideration or payments from the Plaintiff; and

(d) The issuance or delivery of contracts of insurance to residents of this State or a person authorized to do business in this state, including the Plaintiff.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant issued and delivered insurance policies to the Plaintiff in New Orleans, Louisiana that is the subject of this action. Defendant is a corporation which is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced.

## IV.
## THE POLICY

8. At all pertinent times, including August 29, 2021, Defendant provided property and casualty insurance coverage to Plaintiff's properties under said contract of insurance with full replacement cost at the time listed by the insurer as described below. The insuring agreement is identified by the following policy:

- Certificate Number: VBWD724100 for the properties located at:
    - 2213-2215 Clara Street, New Orleans, Louisiana
    - 808 Whitney Avenue, New Orleans, Louisiana

9. The insuring agreement required Plaintiff to make payments to the insurer and in exchange the insurance company would indemnify Plaintiff in the event of a covered loss. Plaintiff faithfully paid the required premium, and the relevant policy is currently in full effect, providing property, personal property, loss of use, and other coverages.

10. Defendant received the application for insurance and accepted the risk for insurance and bound coverage prior to the time Hurricane Ida struck Plaintiff's rental properties.

11. Pursuant to the terms of the policy, Defendant agreed to timely and promptly pay or reimburse Plaintiff for:

    (a) Property damage to the rental properties;

    (b) Property damage to other structures;

    (c) Property damage to personal property;

    (d) Loss of rents.

12. Plaintiff purchased property coverage for his rental properties, other structures, personal belongings, and to protect them in the event he sustained loss of rental income.

## V.
## DAMAGE CAUSED BY HURRICANE IDA

13. Exactly 16 years after Hurricane Katrina, Hurricane Ida made landfall in Port Fourchon, LA, on August 29, 2021, as a Category 4 hurricane, nearly a Category 5 hurricane, with wind speeds of 150 mph, and gusts of up to 172 mph. Hurricane Ida became the second most damaging and intense hurricane to make landfall in the state of Louisiana and is tied as the fifth strongest hurricane to ever hit the United States in history. The National Weather Service issued extreme wind warnings for most of Southeast Louisiana, noting that in the eyewall of Ida there were tornado-like winds of 115 mph or stronger. Hurricane winds can extend 60 miles past the eye.

14. Plaintiff's properties were damaged by Hurricane Ida on August 29, 2021 (hereinafter "the Hurricane"). The Hurricane caused major damage to Plaintiff's properties. rendering it "unfit to live in." The damage includes:

    (a) Property damage to the roof and exterior of the properties;

    (b) Property damage to the interior of the properties;

    (c) Property damage to other structures;

    (d) Property damage to personal property; and

    (e) Loss of use of the property and evacuation expenses relating to the storm as well as loss of rental income.

15. Plaintiff has complied with all of his duties under the policy timely.

16. Plaintiff has sustained and continues to sustain significant damages that continue and will continue for the foreseeable future until Defendant pays for all covered damages.

## VI.
## INSURER'S INADEQUATE INVESTIGATION, MISREPRESENTATIONS, DELAYS, UNTIMELY PAYMENTS, AND FAILURE TO PAY

17. The chronology of the claim activities are as follows:

| Date | Activity |
|---|---|
| **August 29, 2021** | Hurricane Ida damages properties. |
| **September 12, 2021** | Hurricane Ida Claim filed with Insurer for Clara Street Property |
| **September 21, 2021** | Adjuster on behalf of Insurer inspects the Plaintiff's property at 2213-2215 Clara Street |
| **October 22, 2021** | Minuteman on behalf of Insurer sends determination letter stating damages were from Hurricane to Insured with estimate with a net claim of $1,065.23 for Clara Street |
| **October 14, 2022** | Undersigned sends letter of representation for Clara Street property |
| **October 2022** | Insured files claim on the Whitney property for Hurricane Ida damages |
| **October 24, 2022** | Undersigned sends letter of representation for the Whitney property |
| **November 22, 2022** | Insureds sends Reservation of rights letter in regard to Whitney property |
| **November 28, 2022** | Reinspection is set for November 30, 2022 |
| **December 15, 2022** | Undersigned sends loss of rent demand ($10,080.00) and contents demand ($1,050.00) for Clara Street Property; Contents demand is sent for Whitney street in the amount of $1,050 and loss of rent demand |
| **January 10, 2023** | Minuteman rejects demands on Whitney property |
| **May 4, 2023** | Undersigned sends updated proof of loss for Clara Street in the amount of $24,222.97 and updated proof of loss for Whitney property in the amount of $37,051.87 |

| **May 5, 2023** | Minuteman responds to demands for Clara property with a supplemental payment of $8,424.91 for dwelling; however, denied the loss of rent demand and did not allow for coverage for the appliances |
|---|---|

18. Insurer has offered no further information on this claim or requested any additional information from the Insured in order to complete the loss adjustment for any of the Coverages mentioned (A-C).

19. On information and belief, the investigation of the Coverage A damages do not adequately account for all of the covered damages to the main dwelling and other structures. The Insurer has knowledge of this through its inspection as well as information received from the policyholder and this counsel pertaining to the quantum of damages caused by the covered event. As a result of the underpayment of coverage for the main properties and other structures, Plaintiff have sustained damages and continues to sustain damages.

20. To date, Defendant has not responded/did not timely respond to the Insureds' submission for Coverage B (Personal Property). On information and belief, Defendant knew on the date of its first inspection, after the Insureds described and pointed out the damage to personal property, and more specifically once the Plaintiff submitted the Coverage B inventory as requested by the Insurer, that the Plaintiff had sustained and was continuing to sustain damages under Coverage B that was covered but remain unpaid.

21. On information and belief, Defendant knew on the date of its first inspection, after the Insured described and pointed out the damage to the property, that the Plaintiff's residence was "unfit for its normal use" and failed to cover the fair rental value of the location rented. As a result, the Plaintiff has incurred and continue to incur damages for loss of rental income of his property. Defendant's failure to address and pay for Coverage D damages when

it knew that its policyholders were suffering and continuing to incur loss of rental income has caused the Plaintiff to suffer continuing damage and mental anguish.

## VIII.
## CAUSES OF ACTION

COUNT 1 (BREACH OF CONTRACT)

22. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 21 of this Original Complaint.

23. As set forth above, Plaintiff entered into a contract of insurance with Defendant that provides coverage for, *inter alia,* Property Damage, Personal Property Damage, and Loss of Rent as well as Debris Removal and coverage for Reasonable Repairs.

24. Plaintiff has performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Policy.

25. Defendant agreed and was legally and contractually required to reasonably investigate the loss, provide a reasonable and timely coverage determination, and compensate the Insured for all covered losses.

26. Defendant was required to conduct a reasonable, adequate, and diligent investigation of any claims made by the Insured. Despite this obligation, the first inspection done was inadequate, and CHUBB has still not corrected the shortcoming of the Insurer's investigation and payment for all covered losses.

27. Moreover, Defendant has underpaid for the Property damages to Plaintiff's rental properties, as it was given the full value of the cost of repairs as early as the date that defendant made its first inspection of damages and has yet to make this full payment.

28. Defendant agreed that coverage is owed for Plaintiff's loss of use and loss of rent and that it would cover the costs to offset Plaintiff's expenses in that regard.

29. Notwithstanding Defendant's promises and legal and contractual requirements to pay, Defendant failed to adequately pay for Plaintiff's loss of rental income losses. These losses are covered by the Policy.

30. Defendant continues to fail to pay for Coverage C and D damages despite knowing that the Insured is suffering and continues to suffer damages.

31. Defendant's failure to promptly pay for the Insureds' covered loss of losses is a breach of the terms and conditions of the Policy and contrary to Louisiana Law.

32. As a direct and proximate result of the breaches by Defendant, the Plaintiff has and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

## COUNT 2

### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/ VIOLATIONS OF LA.R.S.§ 22:1973)

33. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 32 of this Original Complaint.

34. La. R.S. §22:1973(A) provides: "An insurer, including but not limited to a foreign line and surplus line insurer, owes to their insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

35. La. R.S. § 22:1973(B) provides: "Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

(1)   Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

(5)   Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such a failure is arbitrary, capricious, or without probable cause.

(6)   Failing to pay claims pursuant to R.S. 22:1893 when such a failure is arbitrary, capricious, or without probable cause."

36.   Plaintiff alleges and maintains that Defendant's conduct, as set forth in this Complaint, was and continues to constitute a breach of Defendant's duty of good faith and fair dealing and its duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured."  In particular, Defendant:

(a) Misrepresented pertinent facts and insurance policy provision to the Plaintiff;

(b) Failed to reasonably investigate and evaluate the coverages owed for the Plaintiff's claim;

(c) Undervalued the Plaintiff's claims;

(d) Failed to and continues to fail to adequately and timely communicate with the Plaintiff causing unnecessary delays, duplicative work, and additional expenses for the Plaintiff;

(e) Failed to timely pay the requisite amounts owed under the Policy;

(f) Failed to timely make an unconditional tender of the undisputed amounts owed under the Policy;

(g) Refused to pay the undisputed amounts of the claim;

(h) Failing to conduct a reasonable investigation including failing to pay for covered damages when liability for the claim is reasonably clear.

(i) Acknowledged the coverage obligations owed to the Plaintiff but refused to provide coverage to the Plaintiff;

(j) Unreasonably delayed the resolution and payment of claims made by the Plaintiff under the Policy after submission of the required proofs of loss;

(k) Unreasonably withheld monetary payment of policy benefits under the Policy to the Plaintiff;

(l) Failed to provide the Plaintiff with any reasonable or justifiable basis for withholding policy benefits from the Plaintiff;

(m) Compelling its insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

(n) Failing to give equal consideration to the interests of the insureds as opposed to their own interest;

(o) Ignoring evidence submitted by or for the insured that supports payment of the claim;

(p) Speculating to deny or underpay the full amount of damages necessary to indemnify the insured; and

(q) Engaged in conduct prohibited by La. R.S. § 22:1964(14).

37. As a direct and proximate result of Defendant's conduct, the Plaintiff has and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

38. La. R.S § 22:1973(C) provides: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

39. In addition to the claimed loss and damage as set forth above, the Plaintiff seeks penalties under La. R.S. § 22:1973(C) for Defendant's acts or omissions as set forth herein.

## COUNT 3

### (VIOLATIONS OF LA. R.S. §22:1892)

40. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 39 of this Original Complaint.

41. La. R.S. §22:1892(A)(1) provides: "All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph."

42. La. R.S. § 22:1892(A)(4) provides: "All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim."

43. La. R.S. § 22:1892(C)(2) provides: "No insurer shall intentionally or unreasonably delay, for more than three calendar days, exclusive of Saturdays and Sundays, and legal holidays, after presentation for collection, the processing of any properly executed and endorsed check or draft issued in a settlement of an insurance claim."

44. The Plaintiff alleges and maintains that the Defendant has received satisfactory proof of loss for the claimed losses and damages for which Defendant failed to pay any amount within thirty (30) days, as prescribed by La. R.S. § 22:1892(A)(1).

45. The Plaintiff alleges and maintains that Defendant failed to make any written offer to settle Plaintiff's property damage claim within thirty (30) days after Defendant received satisfactory proofs of loss of that claim, as prescribed by La. R.S. § 22:1892(A)(4).

46. The Plaintiff alleges and maintains Defendant's failures as herein alleged were and are unreasonable, arbitrary, and capricious.

47. As a direct and proximate result of Defendant's failures, the Plaintiff has and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

48. La. R.S. § 22:1892(B)(1) provides: "Failure to make such payment within thirty days after receipt of such satisfactory written proof is and demand therefor or failure to make a written offer to settle and property damage claim…within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs A(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured…or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

49. La. R.S. § 22:1892(C)(3) provides: "Any insurer violating this Subsection shall pay the insured or claimant a penalty of two hundred dollars or fifteen percent of the face amount of the check or draft, whichever is greater."

50. In addition to the claimed loss and damage as set forth above, the Plaintiff seeks penalties under La. R.S. §22:1892(B)(1) and (C)(3) for Defendant's failures as set forth herein.

## COUNT 4

### (BREACH OF FIDUCIARY DUTIES)

51. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 50 of this Original Complaint.

52. Defendant owes the Plaintiff "a high fiduciary duty to discharge its policy obligations to it insured in good faith."[1]

53. Defendant breached the fiduciary duties it owed the Plaintiff by engaging in the conduct specified above.

54. As a direct and proximate result of the unfair trade practices of Defendant, the Plaintiff has and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendant as follows:

1. For compensatory, general, and all consequential damages, according to proof;

2. For the full amount of policy benefits owed to the Plaintiff under the Policy for the loss and damage sustained by the Plaintiff as a result of Hurricane Ida, which shall include loss and/or damage arising from the following: Coverages A, B, C and D;

---

[1] *Kelly v. State Farm Fire & Cas. Co.,* 2014-1921 (La. 5/5/15, 20), 169 So.3d 328, 341; *See also Theriot v. Midland Risk Ins. Co.,* 694 So.2d 184 (1997); *Burnett v. CHUBB Fire and Cas. Co.,* 2012 WL 1678352, *3-4 (M.D. La 2012).

3. For all damages sustained and statutory penalties pursuant to La. R.S. §§ 22:1973(C) and 22:1892(B)(1), (C)(3);

4. For attorney's fees and costs;

5. For experts' fees and costs;

6. For mitigation, investigation and other costs and expenses;

7. For legal interest, according to proof;

8. For punitive and/or treble damages, according to proof; and

9. For all such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable to a jury and has included the requisite fee with this filing.

 

Respectfully Submitted,
THE BRASHER LAW FIRM, PLLC


By:  */s/ Joe Muckleroy*
Clint Brasher, Trial Attorney
Louisiana Bar No. 29540
Joe Muckleroy
Louisiana Bar No. 30935
Nishi Kothari,
Louisiana Bar No. 39655
**\*1122 Orleans Street**
**Beaumont, Texas 77701**
**Mailing Address**
Telephone:  (409) 832-3737
Facsimile:  (409) 832-3838
clint@brasherattorney.com
joe@brasherattorney.com
nishi@brasherattorney.com
*Attorneys for the Plaintiff*